<hr/>

## GENERAL COURT, (E. S.) APRIL TERM, 1799.

### COLSTON vs. DORCHESTER COUNTY COURT.

MOTION for a *mandamus.* The case was as follows, viz. *John Lecompte,* in his life-time, was seised in fee of certain lands in Dorchester county, and by his will divided his lands, devising one part to his son *John* for life, and the other part to his son *James* for life, and died intestate as to the fee after the 1st of January 1788. *John,* the tenant for life, died some time after, leaving children. *Colston* purchased the right of *James* to that part which had been devised to *John,* and obtained a deed for the same, *John,* the original devisor, had but those two children, consequently the part devised to *John* descended by inheritance to *James* and *John's* children, as heirs at law of the original devisor, according to the act of 1786, *ch.* 45. to direct descents. By this act of assembly, if the parties entitled to the intestate's estate cannot agree upon the division thereof; or in case any person entitled to any part be a minor, application may be made to the court of the county where the estate lies, and the court shall appoint, and issue a commission to five discreet, sensible men, to proceed according to the directions of the said act. *Colston* by petition made application to the county court for a commission, according to the *eighth section* of the above act, stating in his petition the manner in which he became entitled to the estate as a purchase from *James Lecompte,* one of the heirs at law of the intestate. The county court refused to grant the prayer of the petition, and dismissed it.

*Martin,* (Attorney General,) and *Bayly,* for *Colston,* moved the court for a *mandamus* to the county court,

APRIL 1799.

Colston
vs.
Dorchester
County Court

commanding them to grant the prayer of the petition, alleging that *Colston* was a person legally entitled to a part of the intestate's estate; that the words of the act are general, and not confined particularly to the parties entitled by descent; that he was a party claiming a part of the estate, and entitled to the remedy prescribed by the act of assembly, in common with the other heirs; that he legally represented *James,* who was one of the heirs, and entitled to all the rights and privileges vested in him by law relative to the said estate.

*Key* and *W. B. Martin,* for the children of *John Lecompte,* objected to the *mandamus* being granted. They contended that the remedy by the act of assembly, by application to the county court, was exclusively given to those who were entitled to the estate by inheritance, and not by purchase. The act contemplated such persons only as were entitled by operation of law, and for such only was the remedy prescribed. That *Colston* was a tenant in common, and not a party known to the act of assembly.

CHASE, Ch. J. The county court have done right by refusing the application for a commission.

The court are of opinion that the *mandamus* ought not to be granted.

The remedy given by the act of assembly to direct descents, is new, and can be extended only to such persons as were contemplated by the act for whose benefit it was made. The act was made for the regulation of descents, and the remedy prescribed for those persons who should be entitled to the intestate's estate by descent. according to the rules and canons enacted by the said law. These who claim by a different title must resort to a different remedy. This is exclusively given. Tenants in common cannot be included with the other heirs, and must resort to the remedy prescribed for such claimants.

RULE FOR A MANDAMUS DISCHARGED.